**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL A. HOLDER, :
:
        Plaintiff, : Civil Action No. 05-1024 (RBK)
:
    v. :
:
GARY MERLINE, et al., :
:
        Defendants. :
_____ :

**APPEARANCES:**

    DANIEL A. HOLDER, Plaintiff, pro se
    # 270201-D-51749
    Garden State Youth Correctional Facility
    P.O. Box 11401
    Yardville, New Jersey 08620

**KUGLER**, District Judge

    Plaintiff, Daniel A. Holder ("Holder"), a state prisoner currently confined at the Garden State Correctional Facility ("GSCF") in Yardville, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence, the Court grants the application to proceed in forma pauperis and directs the Clerk of the Court to file the Complaints without pre-payment of the filing fee.

    Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court

concludes that the Complaint should be dismissed for failure to state a claim.

## I. BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review. Plaintiff asserts a denial of medical care claim and negligence as against defendants, Warden Gary Merline, Lt. Steve Murray, Richard Mulvihill, and the Atlantic County Jail. Holder alleges that, on October 19, 2004, he slipped and fell on some water in the Atlantic County Jail gym when he went to catch a ball thrown by another inmate. He fractured his pinky finger when he reached for the ball as he was falling. He claims that he has one screw in his finger and that his finger will never be straight. He also claims that a corrections officer laughed at him, and it took 20 minutes to get to the medical office in the jail, and one month to send him to the clinic for surgery.

Holder also alleges that it took three weeks for him to receive a toothbrush and new sneakers. He makes general claims of negligence and delay of medical care against the defendants. Holder seeks compensatory damages of $100,000.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview

State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 LIABILITY

Holder brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

The Court liberally construes the allegations in the complaint as: (1) a § 1983 delay of medical care claim, in

violation of the Eighth Amendment; (2) a common law tort claim alleging negligence; and (3) a conditions of confinement claim.

A.  <u>Delay of Medical Care Claim</u>

Holder apparently was a pretrial detainee at the time of his alleged accident and denial of medical care. Thus, his constitutional claims are considered under the due process clause of the Fourteenth Amendments, rather than the Eighth Amendment. <u>See</u> <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); <u>Hubbard v. Taylor</u>, 399 F.3d 150, 158 (3d Cir. 2005); <u>Fuentes v. Wagner</u>, 206 F.3d 335, 341 n.9 (3d Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 821 (2000); <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346 n.31 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988). However, the Third Circuit has held that the "deliberate indifference" standard employed in Eighth Amendment cases also applies to pretrial detainees under the Fourteenth Amendment. <u>See</u> <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 581-82 (3d Cir. 2003)("In previous cases, we have found no reason to apply a different standard than that set forth in <u>Estelle</u> ... We therefore evaluate Natale's Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate

6

similar claims under the Eighth Amendment."); Simmons v. City of Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); Taylor v. Plousis, 101 F. Supp.2d 255, 262 n.3 (D.N.J. 2000). See also Hubbard, 399 F.3d at 166 n.22. Accordingly, since the Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment, the Court will apply the deliberate indifference standard of the Eighth Amendment in analyzing plaintiff's denial of medical care claim. See Simmons, 947 F.2d at 1067 (the rights of a detainee are at least as great as those of a convicted prisoner).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale, 318 F.3d at 582.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to

medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). When evaluating the first or objective element under Estelle, whether a plaintiff's medical need is serious, "a court should consider such factors as the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." Maldonado v. Terhune, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

"Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended

treatment.  See Rouse, 182 F.3d at 197.  The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

Here, the Court finds that plaintiff's complaint of a pinky finger that will not straighten, without any allegations of continuing pain or disability, does not constitute a serious medical need.  Thus, plaintiff cannot meet the first element of a denial/delay of medical care claim under Estelle.

Moreover, assuming that plaintiff's condition is serious, he cannot show deliberate indifference by defendants to satisfy the second prong under Estelle.  The Complaint alleges that plaintiff received initial medical care within twenty minutes after the accident occurred.  Moreover, surgery was scheduled only one month after the accident.  He received x-rays and surgery as prescribed.  There are no allegations that the defendants deliberately delayed or purposely prevented plaintiff from

receiving medical treatment without justification or with the intent to punish plaintiff. Therefore, the Court finds that plaintiff has failed to state a delay of medical care claim.[2]

B. Slip and Fall Negligence Claim

It also appears that plaintiff is alleging a claim of negligence against the defendants with respect to his slip and fall accident. This claim fails as a matter of law because prison officials are not subject to liability as a result of negligent acts (such as leaving water on the floor) that cause unintended injury to inmates. See Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983). Accordingly, this claim will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

C. Conditions of Confinement Claim

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself

---

[2] To the extent that plaintiff may be asserting a claim of negligence against the defendants in failing to schedule surgery in a more timely fashion, this is a state law claim over which this Court has no original subject matter jurisdiction. There is no diversity jurisdiction under 28 U.S.C. § 1332(a). Moreover, because the related § 1983 claim under which federal jurisdiction is predicated, pursuant to 28 U.S.C. § 1331, will be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c)(3). The Court makes no findings as to whether or not a state law negligence claim would be appropriate or successful.

or State law.  See Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).  Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more,

> amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  <u>Id.</u> at 539 n.20, 561-62.

Here, Holder makes a general allegation that the defendants neglect the inmates.  Specifically, he alleges that it took three weeks for him to receive a toothbrush and new sneakers.  The deprivation of hygiene products, such as a toothbrush, can rise to the level of a constitutional violation.  <u>See</u> <u>McCray v. Burrell</u>, 516 F.2d 357, 367 (4th Cir. 1975), <u>cert</u>. <u>dismissed</u>, 426 U.S. 471 (1976)(soap and toothbrush are essential articles of hygiene).  Here, however, the Court finds that the deprivation of

a toothbrush and a new pair of sneakers for the short duration alleged are not sufficiently serious to state a claim of constitutional magnitude with respect to the conditions of plaintiff's confinement.  See Matthews v. Murphy, No. 90-35458, 1992 WL 33902 at *4 (9th Cir. Feb. 25, 1992)(no Eighth Amendment violation where inmate was deprived of a towel, toothpaste, toothbrush, and soap for 34 days); Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(no constitutional violation where inmate not given soap, toothpaste, or toothbrush for 10 days); Castro v. Chesney, No. CIV.A. 97-4983, 1998 WL 767467 (E.D.Pa. Nov. 3, 1998).  Moreover, Holder has not alleged any specific harm that resulted from deprivation of a toothbrush and a new pair of sneakers.  Cf. Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996)(denial of toothpaste may constitute a constitutional deprivation where plaintiff had to be treated by a dentist for bleeding and receding gums and tooth decay).

   Finally, there are no allegations to suggest that the short delay in providing these articles to plaintiff was intended as punishment.  Therefore, the Court will dismiss the conditions of confinement claim for failure to state a cognizable claim.

## V.  CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint in its entirety as against all defendants for failure to state a cognizable claim.  An appropriate Order follows.


                                        S/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

DATED: June 27, 2005